UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOLOMON UPSHAW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY M. BOND, et al.,<br><br>　　　　Defendants. | Civil Action No. 09-3452 (JAP)<br><br>REPORT & RECOMMENDATION |

**BONGIOVANNI, Magistrate Judge**

　　This matter having been opened by the Court based on Plaintiff Solomon Upshaw's ("Plaintiff") failure to comply with Court Orders and prosecute his case; and the Court noting that on July 13, 2009, Plaintiff filed a Complaint in the instant action against Defendants Jeffrey M. Bond and Jeffrey M. Purpuro ("Defendants") seeking injunctive relief as a result of Defendants' alleged interference with Plaintiff's property [Docket Entry No. 1]; and the Court noting that on September 9, 2009, Defendants filed an Answer. [Docket Entry No. 4]; and the Court noting that on September 21, 2009, Plaintiff submitted a letter to the Court objecting to the Court's jurisdiction in this matter [Docket Entry No. 6]; and the Court noting that Plaintiff thereafter failed to cooperate with Defendants in completing the joint discovery plan; and the Court noting that on September 10, 2009, the Court entered an Order [Docket Entry No. 5] which scheduled a mandatory scheduling conference on October 13, 2009, which Plaintiff subsequently failed to attend; and the Court noting that as a result of this failure and given Plaintiff's nonfeasance with regard to completing the joint discovery plan, the Court entered an Order to Show Cause which required Plaintiff to appear before the Court on December 3, 2009 and show cause why Plaintiff's Complaint should not be dismissed for failing to comply with a Court

Order and prosecute his case [Docket Entry No. 8]; and the Court noting that a copy of the Order to Show Cause was sent to Plaintiff via certified mail and served upon him on October 21, 2009 [Docket Entry No. 10]; and the Court noting that on October 26, 2009, Plaintiff sent another letter to the Court which objected to the Court's jurisdiction in this matter [Docket Entry No. 9]; and the Court noting that Plaintiff failed to make the requisite appearance at the Court's December 3, 2009 Order to Show Cause Hearing; and the Court finding that Plaintiff's failure in this regard establishes Plaintiff's failure to adequately prosecute this matter which he initiated against Defendant and warrants dismissal of the instant case without prejudice pursuant to FED.R.CIV.P. 41(b); and the Court having considered this matter pursuant to FED.R.CIV.P. 78, and for good cause shown,

IT IS on this 1st day of February, 2010,

RECOMMENDED that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to FED.R.CIV.P. 41(b).

                                                s/Tonianne J. Bongiovanni
                                    **HONORABLE TONIANNE J. BONGIOVANNI**
                                    **UNITED STATES MAGISTRATE JUDGE**